*Burnam*, for appellants.

*Chenault*, for appellee.

---

### MARCELLA DANIEL ET AL. *v.* N. S. WHEELER'S EX'R.

**Evidence—Proof of Declaration Not Addressed to Witness.**

The mere declaration of a party made on but the one occasion, in a conversation not addressed to either of the witnesses who, years after are called upon to prove them, made in the hearing of no others, and in the treasuring up of which they could have no interest, they being strangers to the speaker, is at most but weak and unsatisfactory evidence.

October 5, 1872.

Opinion by Judge Peters:

The evidence relied upon to establish Mrs. Daniels' claim to the one thousand dollars involved in this litigation consists in the declarations of the testator proved by three witnesses made on one occasion in their presence in the bar room of appellant, H. C. Daniel, the credit of one of whom is direclty attacked, and to say the least of it, is greatly weakened by the witnesses examined as to his character. But even if there were no facts or circumstances derogating from the character of either of the witnesses, the mere declarations of a party made on but the one occasion, in a conversation not addressed to either of the wit-. nesses, who years after are called on to prove them, in the hearing of no others, and in the treasuring up of which they could have no interest, they being strangers to the speaker, is at most but weak and unsatisfactory evidence for reasons that have been too often written by judges to bear repetition here.

In support of the claim appellee presents the note of H. C. and L. P. Daniel, reciting on its face that it is for loaned money, and stipulating in the most formal manner for the payment of the interest, semi-annually, at a higher rate than was then allowed by law, and to secure the payment of the money a mortgage on the same day is required to be executed with legal solemnity by said appellants in which they recite it was executed to secure the payment of $1,000 that day borrowed from said testator.

In addition Ballard proves that on the day the note and mortgage bears date, H. C. Daniel came to his office in Shelbyville with N. S. Wheeler, introduced him to Mr. Wheeler, told him he was his father-in-law, that he and his father, P. Daniel, were about to borrow some money from him to make some improvements on the property owned by them in Shelbyville, to fix it up to carry on a hotel, and directed him to write a mortgage on their property to secure the debt, and he wrote the mortgage and note executed by them to Wheeler. And Mrs. Emma Chappell proves that H. C. Daniel and his wife told her, in the summer of 1868, that the testator had loaned them the money.

This evidence is more than sufficient to overcome the evidence of the three witnesses who undertake to prove the admissions,

or declarations of the testator made on one occasion only in their presence, some three years before they were called to testify, in a conversation not addressed to them, and in which they had no particular interest.

The judgment of the court below must therefore be affirmed.

*Bullock & Davis, Roberts, for appellants.*

*Z. Wheat, for appellees.*

